IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE MINGO | : | CIVIL ACTION |
| a/k/a DWAYNE MINE | : | |
| | : | |
| v. | : | |
| | : | |
| SUPT. RAYMOND LAWLER, et al. | : | NO. 08-469 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                                                August 12, 2008
Chief United States Magistrate Judge

       Presently before the court is a <u>pro se</u> petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated in the State Correctional Institution at Huntingdon, Pennsylvania. For the reasons stated below, the court recommends that the petition be denied.[1]

**I.     BACKGROUND**

       On December 27, 2002, a jury sitting before the Honorable John J. Chiovero in the Court of Common Pleas for Philadelphia County, convicted petitioner of aggravated assault and simple assault in the beating of an elderly cab driver. On March 7, 2003, petitioner was

---

[1] Petitioner filed two previous petitions for a writ of habeas corpus regarding his December 27, 2002 conviction. Petitioner's first habeas petition, filed on October 17, 2005, was dismissed without prejudice for failure to exhaust state court remedies. See <u>Mingo v. Grace</u>, No. 05-CV-5413, Report and Recommendation (E.D. Pa. Dec. 15, 2005), <u>approved and adopted</u>, (E.D. Pa. Jan. 12, 2006.) On June 23, 2006, petitioner filed a second habeas petition. In a Report and Recommendation dated November 8, 2006, the undersigned again recommended that the petition be dismissed without prejudice for failure to exhaust state court remedies. See <u>Mingo v. Dragovich</u>, No. 06-CV-2780, Report and Recommendation (E.D. Pa. Nov. 8, 2006), <u>approved and adopted</u>, (E.D. Pa. Nov. 30, 2006). Petitioner presently has filed a third habeas petition relating to his December 27, 2002 conviction, this is the first one raising claims that have been exhausted in the state courts. A detailed recitation of the procedural history of this case is set forth in the earlier Reports and Recommendations.

sentenced to term of imprisonment of six to twelve years. Commonwealth v. Mine, No. 0206-0858, slip op. at 1-3 (C.P. Phila. June 28, 2006).

Petitioner argued on direct appeal that the evidence was insufficient to sustain the conviction and that the prosecutor committed misconduct in the closing argument. Commonwealth v. Mine, 380 EDA 2006, Brief of Appellant at 5 (Pa. Super. Ct. filed Aug. 25, 2006). In an unpublished decision dated February 26, 2007, the Superior Court of Pennsylvania rejected these claims and affirmed petitioner's judgments of sentence. Commonwealth v. Mine, 924 A.2d 695 (Pa. Super. Ct. 2007). By Order dated August 16, 2007, the Pennsylvania Supreme Court denied further review. Commonwealth v. Mine, 929 A.2d 1161 (Pa. 2007).

Petitioner filed the instant petition for a writ of habeas corpus and a supporting memorandum of law dated January 24, 2008. In his petition and memorandum of law, petitioner raises three claims for relief: (1) the evidence was insufficient to support the conviction of aggravated assault (Pet.'s Mem. of Law at 2-5); (2) the prosecutor committed misconduct in her closing argument by stating a medical opinion without supporting medical testimony, id. at 6-8; and (3) the prosecutor committed misconduct in her closing argument by misstating the mental state required for aggravated assault and making other objectionable statements, id. at 9-10. Petitioner also filed a traverse (Doc. No. 15) and an amended traverse (Doc. No. 17). Respondents filed a response (Doc. No. 12) and, in response to the traverse, submitted to the court and petitioner a letter dated May 15, 2008 attaching the trial transcripts.

## II.     DISCUSSION

**Habeas Corpus Standards.**  Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The provisions of the AEDPA relevant to the instant matter provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless that adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).  With respect to Section 2254(d)(1), a federal habeas petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 413 (2000).  The Court in Williams was careful to note that most cases will not fit into this category, which is limited to direct and unequivocal contradiction of Supreme Court authority.  Id. at 406-08.  See also Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 888 (3d Cir.) (en banc) (to prove entitlement to relief under "contrary to" clause, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; . . . petitioner must demonstrate that Supreme Court precedent requires the contrary outcome") (emphasis in original), cert. denied, 528 U.S. 824 (1999).

Under the "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411. Relief is appropriate only where the state court decision is also objectively unreasonable. Id. See Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000) (federal habeas court should not grant the petition unless "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent") (quoting Matteo, 171 F.3d at 890), cert. denied, 532 U.S. 980 (2001). See also Albrecht v. Horn, 485 F.3d 103, 116 (3d Cir. 2007) (same).

With respect to 28 U.S.C. § 2254(d)(2), which dictates that federal habeas relief may be granted when the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable fact-finder could not have reached the same conclusions given the evidence. If a reasonable basis existed for the factual findings reached in the state courts, then habeas relief is not warranted. Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001). As the Supreme Court recently stated, "The question under the AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 127 S. Ct. 1933, 1939 (2007).

A federal habeas court may not consider a petitioner's claims of state law violations, but must limit its review to issues of federal law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (not the province of the federal court to re-examine a state court's

determinations of state law); Pulley v. Harris, 465 U.S. 37, 41 (1989) ("A federal court may not issue the writ on the basis of a perceived error of state law."); Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable."). A state court's misapplication of its own law does not generally raise a constitutional issue. Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997). Moreover, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III.   PETITIONER'S CLAIMS

#### 1.   Claim No. 1 – Sufficiency of the Evidence

In his first claim for habeas relief, petitioner contends that the evidence was insufficient to support his conviction for aggravated assault. Petitioner contends that he could not be convicted of aggravated assault because the victim did not sustain serious bodily injury. (Pet.'s Mem. of Law at 4-5.) At the time of petitioner's trial, the Pennsylvania Crimes Code defined the offense of aggravated assault as follows:

> § 2702.   Aggravated assault
>
> (a)   Offense defined. – A person is guilty of aggravated assault if he:
>
> (1)   attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

18 Pa. Cons. Stat. Ann. § 2702.

The federal constitutional standard for evaluating a due process claim based upon the sufficiency of the evidence is found in Jackson v. Virginia, 443 U.S. 307 (1979). Under Jackson, the federal court is to determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. at 319 (emphasis in original). A habeas petitioner is entitled to relief only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt." Id. at 324. See Orban v. Vaughn, 123 F.3d 727 (3d Cir. 1997) (applying Jackson standard to sufficiency of evidence claim for aggravated assault conviction), cert. denied, 522 U.S. 1059 (1998). Federal review of a sufficiency of the evidence claim under Jackson must be based upon state law, that is, the substantive elements of the crime must be as defined by applicable state law. Jackson, 443 U.S. at 324 n.16. The credibility of witnesses, the resolution of conflicts of evidence, and the drawing of reasonable inferences from proven facts all fall within the exclusive province of the factfinder and, therefore, are beyond the scope of federal habeas sufficiency review. Id. at 319.

This court's review of the record demonstrates that the state court applied a sufficiency of the evidence standard that is indistinguishable from the Jackson standard. Commonwealth v. Mine, 380 EDA 2006, slip op. at 5 (Pa. Super. Ct. Feb. 26, 2007). Therefore, the court will proceed to consider whether habeas relief should be granted under Section 2254 because of a state court adjudication that resulted in a decision that was contrary to, or involved an unreasonable application of, Jackson, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Deferring, as this court must, to the facts as found by the state courts, see 28 U.S.C. § 2254(e)(1), this court finds the evidence to be more than sufficient to convict petitioner of aggravated assault. The Superior Court, quoting the trial court, explained as follows:

> Instantly, the trial court addressed Appellant's challenge to the sufficiency of the evidence as follows:
>
>> It is clear from the medical evidence that Mr. Mosley [the victim] did not sustain serious bodily injury, however, Mr. Mosley's good fortune in that respect does not inure to [Appellant's] benefit.
>> . . .
>>
>> The evidence, viewed as it must be in the light most favorable to the Commonwealth, established that [Appellant] violently and repeatedly delivered at least ten (10) closed-fist blows to Mr. Mosley's head, face and neck. He also slammed Mr. Mosely's head into the door frame of Mr. Mosley's vehicle and continued his attack until he was pulled off of Mr. Mosley by Officer Cremen.
>>
>> When Officer Cremen was asked to elaborate on his testimony that [Appellant] was violently beating Mr. Mosley, [Officer Cremen] stated:
>>
>>> It was just — it wasn't like, you know, a punch. I mean, he was just literally just punching and punching and punching. And Mr. Mosley was just, I mean, had his hands up trying to block [Appellant's] punches, but, I mean, it wasn't like a one-on-one fight. It was more like he just, um, all of his aggression on him. He was just swinging as hard as he could to hit this guy.
>>
>> (N.T., Trial, 12/26/02, at 47-48.)
>>
>> Also relevant to the jury's inquiry was the fact that Mr. Mosley was sixty-nine (69) years old at the time of the attack by Appellant, who was at least forty (40) years his junior. Additionally, Officer Cremen observed quite a bit of blood coming from the laceration over Mr. Mosley's left eye and also that Mr. Mosley appeared incoherent and dazed to the point where he was unable to answer the officer's questions.
>
> (Trial Court Opinion at 5, 7-8.) Appellant's age gave him a significant advantage over Mr. Mosley. Appellant delivered at least ten (10) closed-fist punches, not

> just a single punch; and he sustained the attack until police forcibly restrained him. See Matthew, supra; Roche, supra. Appellant grabbed Mr. Mosley by the head and slammed his face into a parked car, causing Mr. Mosley to "[slide] down the side of the car onto the ground." (N.T., Trial, 12/26/02, at 53.)
>
> Thus, Appellant sustained a wild attack against this sixty-nine year old man, using a car as a blunt object to strike the man's head. The circumstances surrounding Appellant's attack demonstrate his intent to cause serious bodily injury. See Matthew, supra; Alexander, supra. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to support Appellant's conviction for aggravated assault. See Mack, supra.

Commonwealth v. Mine, 380 EDA 2006, slip op. at 7-9 (Pa. Super. Ct. Feb. 26, 2007).

Given these facts, petitioner fails to prove that no rational trier of fact could have found that petitioner met the requirements of 18 Pa. Cons. Stat. Ann. § 2702 to be convicted of aggravated assault. Considering the record as a whole in the light most favorable to the prosecution, a rational fact finder could have found the elements of the crime for which petitioner was convicted beyond a reasonable doubt. The state court's determination was a reasonable determination of the facts in light of the evidence presented and was neither contrary to, nor an unreasonable application of, clearly established federal law. Petitioner's first claim should be denied as meritless.[2]

---

[2] Petitioner contends that the victim's testimony was "false as a matter of law" because the victim testified at the trial that he sustained injury to his right eye, not the left eye. (Amended Traverse at 3-4.) At the trial, the victim testified that his right eye was injured in the attack. (N.T., 12/16/02, at 25-26, 29.) Other evidence presented indicated that the victim sustained injury to his left eye. See N.T., 12/26/02, at 53, 62 (testimony of Officer Cremen). The fact that the victim may have misidentified which eye was injured some seven months after the attack (attack occurred on May 19, 2002, see N.T., 12/26/02, at 12, and victim testified on December 26, 2002), does not mean that the evidence was insufficient to support petitioner's conviction. The evidence is clear that the victim sustained an injury to one of his eyes. See N.T., 12/26/02, at 76-77 (stipulation between counsel that a doctor would have testified that, on May 19, 2002, the victim sustained an injury, inter alia, to his left eye and to the right side of his back, and that x-rays taken of the victim "indicated two fractures"). Other minor inconsistencies

**2.      Claim Nos. 2 and 3– Prosecutorial Misconduct – Inappropriate Medical Opinion and Mental State Required for Aggravated Assault**

Petitioner's second and third habeas claims raise complaints of prosecutorial misconduct. In evaluating whether petitioner was denied his right to a fair trial as a result of the prosecutor's argument, the court must look at the prosecutor's comments in the context of the entire trial. Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); Laird v. Horn, 159 F. Supp. 2d 58, 129 (E.D. Pa. 2001), aff'd, 414 F.3d 419 (3d Cir. 2005), cert. denied, 546 U.S. 1146 (2006). "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips, 455 U.S. 209, 219 (1982). A petitioner seeking a writ of habeas corpus will not succeed merely because the prosecutors' actions "were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1989) (quotation omitted). Rather, to successfully state a claim for habeas relief based on comments at trial by the prosecutor, a petitioner must show that the prosecutor's comments were so egregious that they fatally infected the proceedings, rendered the entire trial fundamentally unfair, and made the conviction a denial of due process. See Darden, 477 U.S. at 181; Donnelly, 416 U.S. at 643; Lesko v. Lehman, 925 F.2d 1527, 1546 (3d Cir.), cert. denied, 502 U.S. 898 (1991). See also Brecht v. Abrahamson, 507 U.S. 619, 638 (1993) (When an error occurs, the inquiry then becomes whether, in light of the record as a whole, the prosecutor's

---

identified by petitioner in the amended traverse likewise do not prove that the evidence was insufficient to support petitioner's conviction for aggravated assault. See Amended Traverse at 6 n.1 (compare N.T., 12/26/02, at 29 (victim testified at the trial that "one of the officers" transported him to the hospital) with N.T., 12/26/02 at 54 (Officer Cremen testified that the "Medic" transported the victim to the hospital)); Amended Traverse at 5-6 (compare N.T., 12/26/02, at 53 (Officer Cremen testified that the victim was unable to answer questions after the Officer stopped the attack) with N.T., 12/26/02, at 66 (Officer Cremen testified that the victim provided his date of birth, phone number and social security number at the scene)).

conduct "had substantial and injurious effect or influence in determining the jury's verdict.") (quotations omitted).

While a prosecutor's comments during closing arguments must be directed to an understanding of the facts and of the law rather than to passion and prejudice, Lesko, 925 F.2d at 1545 (citing United States ex rel. Perry v. Mulligan, 544 F.2d 674, 680 (3d Cir. 1976)), the prosecution is "accorded reasonable latitude and may employ oratorical flair arguing its version of the case to the jury." Henry v. Horn, 218 F. Supp. 2d 671, 705 (E.D. Pa. 2002) (quotation omitted).

The court's review of the records reveals that the state court reviewed petitioner's prosecutorial misconduct claims applying a standard indistinguishable from the federal prosecutorial misconduct standard.

**A.     Claim No. 2**

In his first claim of prosecutorial misconduct (petitioner's second claim for habeas relief), petitioner found the following statements by the prosecutor in her closing argument objectionable:

> Prosecutor:    Cause it is like a motor accident.  What happens is a couple of days after that, all the effects come back.  And if you had an accident in your twenties and you have an accident in your forties —
>
> [Defense] Counsel:    Objection, Your Honor.
>
> Prosecutor:    — and you have an accident in your sixties, you'll see that the body does not respond.  You already know that.  You're old enough to know that.  When you were 15 years old, 10 years old, you hit yourself, you just got up and kept on running and went right out to play tomorrow and never stopped.  I bet if you fall on your face today you might be laying in your bed for a week.  Well, that's the whole problem here.  Mr. Mosley is 69 years old.

See Pet.'s Mem. of Law at 6; Commonwealth v. Mine, 380 EDA 2006, slip op. at 9 (Pa. Super. Ct. Feb. 26, 2007).

> The Superior Court rejected petitioner's claim concluding as follows:
>
> "In considering [an] appellant's claims of prosecutorial misconduct, we note that a prosecutor's comments do not constitute evidence." Commonwealth v. Baez, 554 A.2d 66, 103, 720 A.2d 711, 729 (1998), cert. denied, 528 U.S. 827 ... (1999).
>
> Instantly, the trial court overruled Appellant's objection to the prosecutor's statement regarding Mr. Mosley's age and physical limitations. The prosecutor's statement emphasized the commonly known and generally accepted fact that age impacts a body's ability to recover from an attack. The prosecutor's comment did not require medical testimony.

Commonwealth v. Mine, 380 EDA 2006, slip op. at 11-12 (Pa. Super. Ct. Feb. 26, 2007).

This court agrees with the state appellate court that the prosecutor's comments did not constitute an inappropriate medical opinion requiring supporting medical testimony. Moreover, the testimony of the victim that he suffered incapacitating back pain after the attack that lasted several weeks followed by intermittent pain thereafter, that he was unable to see out of his eye immediately after the attack, and that his face was discolored for a month and one-half after the attack, support the prosecutor's comments that the victim suffered lasting effects of the assault. See N.T., 12/26/02, at 31-34. Additionally, the court instructed the jury that "statements made by counsel do not constitute evidence unless I instruct you to the contrary, as I did with respect to the stipulations that were entered into by and between counsel." (N.T., 12/27/02, at 47.) A jury is presumed to follow the court's instructions. Weeks v. Angelone, 528 U.S. 225, 234 (2000).

Finally, the court notes that before the judge instructed the jury, counsel and the trial judge discussed defense counsel's objections to the prosecutor's closing argument. The trial

11

judge stated as follows to the jury: "I discussed the objections with counsel, and defense counsel is satisfied that my instructions to you on the law will satisfy those objections. All right?" Both counsel replied, "Yes, Your Honor." (N.T., 12/27/02, at 47.) Defense counsel's objections to the prosecutor's closing argument were resolved by the trial court.

This court finds that the prosecutor's statements did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Darden, 477 U.S. at 181. Petitioner's second claim should be denied.

### B.     Claim No. 3

In petitioner's second claim of prosecutorial misconduct (petitioner's third claim for habeas relief), petitioner claims that the prosecutor, by using the following language in her closing argument, misstated the mental state required to support a conviction of aggravated assault:

> Prosecutor:   The law says whether you – that's an intentional – it's like I have decided I'm going to go after this person because they have done something to me. But the law recognizes that things – that human being are reactionary. That they do things as a result of what they've experienced. Because he can be reckless also.

(N.T., Trial, 12/27/02, at 34-35.)
See Pet.'s Mem. of Law at 10; Commonwealth v. Mine, 380 EDA 2006, slip op. at 10 (Pa. Super. Ct. Feb. 26, 2007.)

The Superior Court of Pennsylvania on direct appeal rejected petitioner's second claim of prosecutorial misconduct:

> With respect to the second claim of prosecutorial misconduct, defense counsel withdrew her objection to the prosecutor's statement regarding mens rea. Therefore, Appellant's second claim of prosecutorial misconduct is arguably

> abandoned or waived for appellate review. Moreover, the court properly charged the jury to determine whether Appellant acted intentionally, knowingly, recklessly, **or** whether Appellant acted without the requisite degree of culpability to sustain a conviction of aggravated assault. See 18 Pa. C.S.A. § 2702; Nichols, supra. The jury's analysis was not limited to deciding whether Appellant acted with specific intent. Thus, Appellant's claims of prosecutorial misconduct merit no relief.

Commonwealth v. Mine, 380 EDA 2006, slip op. at 12 (Pa. Super. Ct. Feb. 26, 2007) (emphasis in original).

The state court properly examined the prosecutor's comment in the context of the entire trial, including the court's proper instructions on the elements of aggravated assault. (N.T., 12/27/02, at 54-57.) The defense did not object to the court's instructions. Id. at 59. Before instructing the jury, the trial court heard argument on defense counsel's objections to the prosecutor's closing argument, including the prosecutor's comments regarding the mental state required by the offense of aggravated assault. The trial judge addressed the instant issue and advised counsel that he had "advised the jury that I will instruct them in the law which they will apply, and I will instruct them accordingly, so I think that will be cured by my instruction." Id. at 41. Counsel agreed that the court's instructions satisfied their objections. Id. at 44. Additionally, as noted above, the court instructed the jury that the comments of counsel are not evidence. (N.T., 12/27/02, at 47.) A jury is presumed to follow the court's instructions. Weeks, supra.

The prosecutor's comments did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Darden, 477 U.S. at 181. Petitioner's third claim for habeas relief should be denied.

For all of the above reasons, the court makes the following:

## **RECOMMENDATION**

AND NOW, this 12th day of August, 2008, the court respectfully recommends that the petition for a writ of habeas corpus be **DENIED**[3], and that no certificate of appealability be issued.[4]

The petitioner may file objections to this Report and Recommendation.  See Loc. R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


/s/ Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge

---

[3]     Petitioner's "Petition Requesting For [sic] Sanctions for Respondents [sic] Failure to Comply with Rule 5, 28 U.S.C. § 2254" (Doc. No. 11) should be denied.

[4]     The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).